## L. C. EDWARDS v. ARCHIBALD KEARSEY.

There is no belligerancy between our former and present exemptions, but they are in peaceful conformity:

*Hence*, our Homestead Laws do not impair the obligation of contracts, and are not unconstitutional.

(*Hill* v. *Kessler*, 64 N. C. Rep., 437, and *Garrett* v. *Cheshire*, 69 N. C. Rep. 396, cited and approved.)

This was a CIVIL ACTION, for the possession of a tract of land, sold by the Sheriff under a *ven. exp.*, tried before HENRY, J., at Spring Term, 1876, of the Superior Court of GRANVILLE County.

The following facts were agreed, and his Honor determined the case upon a due consideration thereof, after argument.

On the 16th December, 1868, judgment was given in a Justice's Court, in favor of B. L. & D. A. Hunt, assignees, &c., against the defendant Kearsey, for $29.70, with interest, &c., which said judgment was docketed in the Superior Court of Granville, 16th December, 1868. In January, 1868, one Avery Taborn obtained a judgment against the defendant for $165, and this was docketed in said Court on the 18th of January, 1869.; and that, on the 10th of October, 1868, one Philpot (William A.) recovered a judgment in a Justice's court against said defendant, Kearsey, for

$23.65, and interest, which was also duly docketed in said Superior Court of Granville the 16th of December, 1868; and that on said day, to-wit, the 16th day of December, 1868, a writ of *fieri facias* was issued on the judgment, in favor of R. L. & D. A. Hunt, assignees, &c., and on the same day was levied upon the land, now in controversy, as belonging to the defendant, Archibald Kearsey. On the 18th of January, 1869, another *fi. fa.* issued from said court, on the judgment in favor of Taborn, and levied on the next day, the 19th, on the same land; and on the 16th of December, 1868, a *fi. fa.* issued from said court, which was duly levied on the same day, in favor of the said William A. Philpot, on the same tract of land, as belonging to the defendant, Kearsey, as aforesaid. These levies were returned without sale, and writs of *venditioni exponas* afterwards issued from said court; under which, after due advertisement, the sheriff publicly sold said land, as the property of defendant, Kearsey, at the Court-house door, in said county, when and where the plaintiff, L. C. Edwards, became the last and highest bidder, at the price of $150, which was duly paid to said sheriff, from whom he received a deed in fee for said lands, of date the 6th of March, 1869, and which was duly proved and registered.

The whole of said tract of land was thus levied on and sold by said sheriff absolutely, without laying off or allotting any homestead therein to the said defendant, Kearsey, the defendant in the executions aforesaid; and without reservation or exception of any homestead, or right of homestead, in the same. The said tract of land did not then, nor does it now, exceed the value of $1,000. The defendant Kearsey was and still is a citizen of North Carolina, and in possession of said tract of land; he has minor children; and had not, at the time of sale, nor since, title to any other real estate.

On the 22d of January, 1869, in pursuance of chapter XLIII of the Laws of the Special Session, 1868, entitled "An

Act to provide for laying off the homestead and setting apart the personal property exemption in favor of residents of this State, under Article X of the Constitution," the defendant, Kearsey, applied to a Justice of the Peace for the benefit of the homestead exemption, as guaranteed by said Article X; whereupon said Justice appointed three disinterested freeholders of said county, not connected with said Kearsey, who, in accordance with said act, on notice, by order of said Justice, met at the residence of said Kearsey, on the 22d day of January, 1869, aforesaid, and, after taking the prescribed oath, laid off and allotted to said Kearsey, as a homestead, the whole of said tract of land by metes and bounds, making their report to the office of Register of Deeds. The said register, although said report came into his hands, failed to record it.

Therefore, the defendant insists that at the time of said levies and sale he was, and still is, entitled to a homestead in said tract of land, under and by virtue of the said Article X of the Constitution, as against said judgments and executions. And the said sheriff having sold said land absolutely, without allotting to the defendant his homestead, and without any reservation or exception of a homestead or right to the same, said sale was void, and his (the sheriff's) deed to the plaintiff passed no title; and, notwithstanding said sale and conveyance, the defendant is entitled to a homestead in said land, and the plaintiff is not entitled to recover in this action.

On the other hand, it is insisted by the plaintiff that said judgments being for debts contracted by the defendant before our present Constitution went into effect, said Art. X thereof does not apply to them; or, if intended to be so applied, would be void, as impairing the obligation of contracts, contrary to sec. 10, Art. I, of the Constitution of the United States; and that the plaintiff acquired a good title

to said land by virtue of said sheriff's sale and deed, and is entitled to recover in the action.

The Court, upon consideration, being of opinion with the defendant, that so much of Art. X of our Constitution as exempts from sale under execution or other final process obtained on any debt, land of the debtor of the value of one thousand dollars, and the statutes enacted in pursuance thereof, embrace within their operation executions for debt which were contracted before the adoption of said Constitution ; and that said Article and Statutes, when so interpreted and enforced, are not repugnant to Art. I, sec. 10, clause 1, of the Constitution of the United States :

Therefore, it is considered and adjudged by the Court that the plaintiff is not entitled to recover, and that he take nothing by his said action, and that the defendant recover his costs. From this judgment the plaintiff appealed.

*Batchelor* and *Haywood,* for appellant.
*Hargrove* and *Bledsoe,* contra.

READE, J. *Hill* v. *Kessler,* 63 N. C. Rep., p. 437, governs this case and sustains his Honor's ruling.

*Gunn* v. *Barry,* decided in the Supreme Court of the United States, relates to the exemption laws of Georgia, where the disparity between former and present exemptions is " striking," and affords self-evidence of conflict with the Constitution of the United States, which forbids laws which impair the obligation of contracts. Whereas, there is no beligerancy between our former and present exemptions, but they are in peaceful conformity. *Garrett* v. *Cheshire,* 69 N. C. Rep., 396.

There is no error.

PER CURIAM.                          Judgment affirmed.